```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

JONATHAN RICHARDSON,

                    Plaintiff,              07 Civ. 3989

     -against-                               OPINION

CORRECTIONS OFFICER J. MCTURNER,
et al.

                    Defendants.
---------------------------------------X
```

A P P E A R A N C E S:

    Pro Se

    JONATHAN RICHARDSON

    Attorneys for Defendants

    ANDREW M. CUOMO
    Attorney General of the State of New York
    120 Broadway
    New York, NY 10271
    By: Rebecca Ann Durden, Esq.



**Sweet, D.J.**

Defendant Corrections Officer J. McTurner ("Officer McTurner" or the "Defendant") has moved pursuant to Rule 41(b), Fed. R. Civ. P., to dismiss this action for failure of plaintiff pro se Jonathan Richardson ("Richardson" or the "Plaintiff") to prosecute.

Richardson commenced this action against Officer McTurner on May 22, 2007, alleging that Officer McTurner violated his Eighth Amendment right to be free from cruel and unusual punishment and subjected him to excessive force in the frisk area of Sing Sing Correctional Facility's visiting room.

After discovery was completed, the parties filed a Joint Pre-Trial order. In response to a letter from Richardson stating that he was to be released in early 2009, Richardson was advised by letter dated December 8, 2008, that the Court had not yet set a trial date for this action, but that upon his release he needed to provide the Court and Defendant's counsel with his new address. The Court then scheduled trial for February 2, 2009. By letter dated January 26, 2009, Defendant sought an adjournment of

1

the trial date. In connection with his request for an adjournment, Defendant also learned that on January 9, 2009, Richardson had been released from New York State Department of Correctional Services ("DOCS") custody. Richardson provided no current address to either defense counsel or the Court.

Pursuant to Rule 41(b), a Court may dismiss an action for failure to prosecute. Dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quotations and citation omitted). In deciding whether to grant a motion for failure to prosecute, the Court looks to five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

It is a pro se plaintiff's obligation to keep the pro se office of the court informed of any change in

2

address. Ortiz v. United States, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (describing plaintiff's failure to comply with "minimal obligation to keep the pro se office of this Court informed of his change of address") (citing Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683 (S.D.N.Y. July 17, 2000)). Close to nine months have passed since Richardson's release from state custody, and at no point during that time has Plaintiff notified the Court, the Pro Se Office or Defendant of an address at which he can be reached.

Although pro se plaintiffs are afforded a greater degree of leniency regarding procedural matters, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), courts have routinely dismissed for failure to prosecute where a pro se plaintiff failed to notify the court of a change in address. See, e.g., Fate v. Doe, No. 07 Civ. 9256(JSR)(GWG), 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008) (listing cases); Myvett v. Rosato, No. 04 Civ. 2379 (LAP)(GWG), 2004 WL 1354254, at *2—*3 (S.D.N.Y. June 16, 2004) (weighing fact that plaintiff failed to "provide the Pro Se Office of this Court with his new address" in favor of dismissal for failure to prosecute); Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 7751, at *3

3

(S.D.N.Y. Mar. 2, 2004) (dismissing action for failure to prosecute where plaintiff was "inaccessible" for two months "without notifying the Court, the Government, or the Pro Se Office of a change of address").

Unfortunately, Plaintiff "has provided no method by which the Court can inform him of his obligations in this case." Fate, 2008 WL 1752223, at *2. Notice was sent to Richardson advising him of his responsibility to keep counsel and the Court aware of his current address in December 2008, prior to his release from DOCS custody. By failing to provide the Court with his most recent address, there is currently no way for the Court to reach him and no manner in which this action can proceed.

Under these circumstances, there is no lesser sanction that can be imposed upon Plaintiff than a dismissal without prejudice. See Coleman v. Doe, No. 05 Civ. 5849 (JG), WL 2006 WL 2357846 (E.D.N.Y. Aug. 14, 2006).

**Conclusion**

4

Accordingly, for the reasons set forth above, Defendant's motion is granted and the complaint dismissed without prejudice for failure to prosecute.

So ordered.

**New York, NY**
**September 2, 2009**

ROBERT W. SWEET
U.S.D.J.